UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
99 SEP 30 PM 1:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

LUCAS NEWSOME, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-98-S-2876-S
)
MILLCRAFT ALABAMA, INC., )
)
    Defendant. )

**ENTERED**
SEP 30 1999

MEMORANDUM OPINION

    This action is before the court on the renewed motion of defendant, Millcraft Alabama, Inc., for judgment as a matter of law or, in the alternative, motion for new trial, and, the response of plaintiff, Lucas Newsome. Upon consideration of the record as a whole, including the trial testimony of plaintiff and oral arguments of counsel, the court finds that defendant's motion is due to be granted, unless plaintiff agrees to a remittitur.

    As grounds for its motion, defendant argues among other things that the record is void of sufficient evidence to support the jury's verdict that plaintiff is entitled to recover $13,500 in back pay. Specifically, defendant contends that plaintiff only requested back pay in the amount of $5,000 and, accordingly, the jury's award is based on pure speculation and conjecture. This court agrees.

    The decision to grant a new trial on the ground of excessive

damages is a matter within the sound discretion of the trial judge. *See Wilson v. Taylor*, 733 F.2d 1539, 1548 (11th Cir. 1984), *disagreed with on other grounds*, *Scala v. City of Winter Park*, 116 F.3d 1396, 1402 & n.4 (11th Cir. 1997). The court must first determine whether the jury's award is "grossly excessive," meaning whether it "would be a denial of justice to permit it to stand." *Id.* at 1548-49. In so deciding, the court may not analyze the verdict in terms of whether it is higher than what the trial judge personally would have awarded. *See Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033, 1047 (5th Cir. 1970), *modified*, 456 F.2d 180 (5th Cir. 1972).[1] Rather, the court must examine each case on a factual basis to decide whether a verdict is excessive. *See Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 364-65 (5th Cir. 1980), *overruled on other grounds*, *Gaufreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).

The present case is based on plaintiff's assertion that defendant terminated his employment in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. Specifically, plaintiff adduced sufficient circumstantial evidence

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

from which a reasonable juror could find that he was unlawfully terminated because he was absent from work for a period of four weeks under a doctor's care. Although plaintiff adduced evidence, namely his own testimony, that he sustained approximately $5,000 of damages consisting of lost wages, he failed to adduce any additional evidence of lost "employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617. Moreover, even considering the double damages provision of the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii), plaintiff was entitled to the maximum of $10,000, based upon his articulation of back pay damages.

Having decided that the jury's verdict was excessive, the court must determine what remedy is appropriate. Although in some cases the court may grant a new trial where the award of damages by the jury is excessive, the court also has the discretion to "use the remittitur practice whereby it denies the defendant's motion for a new trial on condition the plaintiff remits a stated amount." *Wilson*, 733 F.2d at 1549 (internal citation omitted). "[W]here there is no showing that the jury's determination of liability was the product of undue passion or prejudice, [a trial court] can order a remittitur to the maximum award the evidence can support."

3

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1507 (11th Cir. 1985). In light of the evidence presented in this case, the court finds that remittitur is appropriate, as the jury's determination of defendant's liability is supported by the evidence.

Therefore, the court must next determine the amount of the remittitur. In doing so, the court is guided by the "maximum recovery rule," which provides that the court shall reduce the award to the "maximum limit of a reasonable range within which the jury may properly operate." *Wilson*, 693 F.2d at 1380. As previously noted, the maximum recovery plaintiff is entitled to in the present case is an award of $10,000, based on his testimony that his lost back pay amounts to only $5,000.

Accordingly, the court finds that a remittitur of $3,500 is required, leaving an award of $10,000, consisting of lost back pay and liquidated damages. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 30th day of September, 1999.

_____
United States District Judge

4